IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DANA THOMAS, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ONE DAY ROOFING LLC,<br><br>Defendant. | Case No. 3:21-cv-643<br><br>CLASS ACTION COMPLAINT |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA does not only restrict robocalls and Mr. Thomas brings this action to enforce the consumer-privacy provisions of the TCPA alleging that One Day Roofing, LLC ("One Day") violated the statute in two ways: (i) One Day made telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without

their written consent; and (ii) One Day continued to call Plaintiff and proposed class members despite their "do not call" requests.

3. These calls were made in the absence of an adequate "do not call" policy or training, as evidenced by repeated calls to Plaintiff after specific requests that Defendant stop calling and by calls to individuals, including Plaintiff, who have taken the affirmative step of registering their number on the National Do Not Call Registry.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of two proposed nationwide classes of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Dana Thomas is an individual who resides in this District.

7. Defendant One Day Roofing LLC is a limited liability company that was formed under the laws of the State of Delaware, with its principal place of business located in Columbia, MD. The Defendant is registered to do business in this state and has a registered agent of URS Agents, LLC, 160 Mine Lake Court, Suite 100, Raleigh, NC 27615.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.      One Day is a resident of this District and as a result is subject to personal jurisdiction in this District.

10.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the solicitation operations of One Day because the Defendant resides in this District and the solicitation calls to the Plaintiff were sent into this District.

### The Telephone Consumer Protection Act

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.     The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls**

12.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

15. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

16. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

17. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

18. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

19. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**B.     The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

20. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

24. Plaintiff Dana Thomas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. Mr. Thomas's telephone number, (704) XXX-2501, is listed on the National Do Not Call Registry, and has been since March of 2012

26. Mr. Thomas's telephone number, (704) XXX-2501, is a personal telephone number that is not used for business purposes.

27. In December 2020, Mr. Thomas considered requesting an estimate from One Day.

28. However, before he received a quote, he decided against moving forward with One Day because of its use of satellites to estimate the costs of project estimates. Mr. Thomas communicated that he was not interested in getting a quote or doing business with One Day.

29. However, despite this explicit request, One Day presented Mr. Thomas a quote via email and then began calling him.

30. On December 28, 2020, Mr. Thomas received a call from One Day and he instructed One Day to no longer call him.

31. However, the calls continued, and Mr. Thomas received at calls from One Day on January 4, 5, 6, 7, 8, 9, 10 (twice) and 11, 2021.

32. All of the calls followed the same basic script.

33. During the call, a representative that identified themselves as being from One Day would attempt to solicit Mr. Thomas to purchasing their roofing services.

34. Mr. Thomas informed the callers that he was not interested and demanded that One Day stop calling.

35. However, the calls continued.

36. Mr. Thomas then filed a complaint with the North Carolina Attorney General on January 11, 2021.

37. However, the calls continued.

38. In approximately, late March 2021 One Day called Mr. Thomas on several occasions.

39. Again, Mr. Thomas demanded that One Day stop calling him.

40. However, the calls continued.

41. In approximately early September 2021 the calls began again.

42. Once again, all of the calls followed the same basic script.

43. During the calls, a representative that identified themselves as being from One Day would attempt to solicit Mr. Thomas to purchasing their roofing services.

44. Mr. Thomas informed the callers he was not interested.

45. The calls annoyed Mr. Thomas and invaded his privacy.

46. One Day either does not have or does not utilize an internal Do Not Call list, as Mr. Thomas continued to receive calls from the Defendant despite his requests that they stop calling him, including the receipt of a complaint from the North Carolina Attorney General.

47. Plaintiff is not alone. Other individuals have complained about receiving telephone solicitation calls from Defendant and have left accompanying reviews online:



**Complaint Type:** Advertising/Sales Issues  **Status:** Resolved

12/11/2020

One Day Roofing is not following my request to be removed from their system. They continue to call me regularly. Somehow my phone number was attained by One Day Roofing, they purchased it from someone as I was in fact looking for a roof at the time. I spoke with someone (pre-sales) on the phone about a roof, and scheduled a follow-up call. I have chosen to go with another roofing company who I met in-person rather than just do this via phone and satellite. Unfortunately, One Day Roofing continues to call me regularly. I have requested my name and phone number be removed from their system repeatedly when they do. And yet they keep calling me, I believe it is up to 10 times now. Each time I clearly request them to remove my contact information and stop calling me.

**Desired Outcome**
One Day Roofing needs to remove my contact information from their system or mark me as Do Not Contact, and never call me again. I have stated I do not wish to do business with them. I never solicited their services originally so not sure how they even got my name and number.



**Complaint Type:** Problems with Product/Service  **Status:** Answered

05/25/2021

I called them as well as other roofing companies. I made the decision to go with another company. After the first several calls I explained that I have went with another company. I thought that was the end. They call my number at least once a week no matter what I tell them. No one wants unnecessary calls at any time. Yet they still persist even though I have told them several times to remove me from their call list, distribution list or where ever they get my phone number from.

**Desired Outcome**
Please have them stop calling me. I do not want their business in any form.

See, https://www.bbb.org/us/md/columbia/profile/roofing-contractors/one-day-roofing-0011-90347484/complaints (last visited January, 24, 2021)

48. Plaintiff and other individuals who received these calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## Class Action Statement

49. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of two National Classes of all other persons or entities similarly situated throughout the United States.

50. The Classes of persons that Plaintiff proposes to represent are defined as follows (collectively referred to as the "Classes"):

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) who had previously asked for the calls to stop or had not had a business transaction with the Defendant for at least 18 months or who had not inquired about Defendant's services within the 3 months preceding the call (5) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal DNC Class**: All persons in the United States to whom: (a) Defendant (or an agent acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

51. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

53. The potential members of the Classes number at least in the thousands.

54. Individual joinder of these persons is impracticable.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

57. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

58. This class action complaint seeks injunctive relief and money damages.

59. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

    c. whether Defendant's calls to Plaintiff and members of the National Do Not Call Registry Class constitute a violation of the TCPA;

    d. whether Defendant maintained a written "do not call" policy;

    e. whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

    f. whether Defendant's conduct regarding its "do not call" policies constitute a violation of the TCPA; and

    g. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

60. Plaintiff's claims are typical of the claims of the Classes.

61. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

62. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

63. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

64. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

65. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes

appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

66. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

67. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

68. Defendant's violations were negligent, willful, or knowing.

69. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

70. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to

telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Internal DNC Class)**

71. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

72. Defendant placed numerous calls for telemarketing purposes to Plaintiff and Internal DNC Class Members' telephone numbers.

73. Defendant did so despite not having a written policy pertaining to "do not call" requests.

74. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

75. Defendant did so despite not recording or honoring "do not call" requests.

76. Defendant placed two or more telephone calls to Plaintiff and Internal DNC Class members in a 12-month period.

77. Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

78. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

79. Plaintiff and the members of the Internal DNC Class are also entitled to and do seek injunctive relief requiring Defendant to enact a written policy pertaining to "do not call"

requests, train its personnel on the existence and use of the internal "do not call list," and record and honor "do not call" requests.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiff as representatives of the Classes;

    C.    Appointment of the undersigned counsel as counsel for the Classes;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance.

    F.    An order enjoining Defendant to comply with the internal "do not call" policies of the TCPA;

    G.    An award to Plaintiff and the Classes of damages, as allowed by law; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims of the Complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 1st day of December, 2021.

PLAINTIFF,
By his attorneys

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
**Maginnis Howard**
NC State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919.526.0450
Fax: 919.882.8763
kgwaltney@maginnislaw.com
**Local Civil Rule 83.1 Counsel for Plaintiff**

Anthony I. Paronich
**Paronich Law, P.C.**
MA State Bar No. 678437
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
**Attorney for Plaintiff**
*Subject to Pro Hac Vice Admission*

Raina Borrelli
**TURKE & STRAUSS LLP**
MN Bar #: 392127
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Fax: (608) 509-4423
raina@turkestrauss.com
**Attorney for Plaintiff**
*Subject to Pro Hac Vice Admission*